# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BAKER,<br><br>              Petitioner,<br><br>     v.<br><br>KELLY SATORO, Warden,<br><br>              Respondent. | Case No. EDCV 15-01762 DOC (AFM)<br><br>**ORDER TO SHOW CAUSE** |

On August 28, 2015, petitioner filed a Petition for Writ of Habeas Corpus by a Person is State Custody pursuant to 28 U.S.C. § 2254. Petitioner claims are all directed to a prison disciplinary decision in which he was found guilty of trafficking narcotics for distribution and sales in a state prison.

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner has exhausted the remedies available in the courts of the State.[1] Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. *See James*

---

[1] The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

*v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994); *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Picard v. Connor*, 404 U.S. 270, 275-78 (1971). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. *See Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Petitioner has the burden of demonstrating that he has exhausted available state remedies. *See, e.g., Brown v. Cuyler*, 669 F.2d 155, 158 (3d Cir. 1982). The Ninth Circuit has held that a federal court may raise the failure to exhaust issue *sua sponte* and may summarily dismiss on that ground. *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1982) (per curiam); *see also Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).

This Petition is wholly unexhausted. Petitioner states that he did not raise any of his claims in the California Supreme Court, either through a Petition for Review or a habeas petition. (Petition at 5-6.) Indeed, an exhibit attached to the Petition reveals that the California Supreme Court recently rejected as untimely both a Petition for Review and an "Application for Relief from Default." (Petition, Exh. J.) The Court's review of the California Supreme Court's website reveals no other appeals or petitions filed by petitioner after his prison disciplinary decision became final. *See Porter v. Ollison*, 620 F.3d 952, 954-55 (9th Cir. 2010) (noting that federal courts may take judicial notice of state court dockets, including those on the internet).

If it were clear that petitioner's claims were procedurally barred under state law, then the exhaustion requirement would be satisfied. *See Castille v. Peoples*, 489 U.S. 346, 351-52 (1989); *Johnson v. Zenon*, 88 F.3d 828, 831 (9th Cir. 1996); *Jennison v. Goldsmith*, 940 F.2d 1308, 1312 (9th Cir. 1991). However, it is not

"clear" here that the California Supreme Court would hold that petitioner's unexhausted claims were procedurally barred under state law, if petitioner were to raise such claims in a habeas petition to the California Supreme Court (which being an original proceeding is not subject to the same timeliness requirement as a Petition for Review of a Court of Appeal decision). *See, e.g., In re Harris*, 5 Cal. 4th 813, 825 (1993) (granting habeas relief where petitioner claiming sentencing error, even though the alleged sentencing error could have been raised on direct appeal); *People v. Sorensen*, 111 Cal. App. 2d 404, 405 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition).  The Court therefore concludes that this is not an appropriate case for invocation of either "exception" cited above to the requirement that a petitioner's federal claims must first be fairly presented to and disposed of on the merits by the state's highest court.

Accordingly, **on or before October 3, 2015,** petitioner is ordered to show cause in writing, if he has any, for why this action should not be summarily dismissed without prejudice for failure to exhaust state remedies pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Instead of filing a response to the instant Order, petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  A Notice of Dismissal form is attached for petitioner's convenience.  However, petitioner is advised that any dismissed claims may be later subject to the one-year statute of limitations set out in 28 U.S.C. § 2244(d)(1). Moreover, should petitioner attempt to file a second petition with these claims, his petition may be rejected as successive. *See Schlup v. Delo*, 513 U.S. 298, 318 n.34 (1995) ("A successive petition raises grounds identical to those raised and rejected on the merits on a prior petition.").

**Petitioner is expressly warned that failure to timely file a response to this Order will result in a recommendation that this action be dismissed with**

**prejudice for his failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**

The Clerk of the Court is directed to serve a copy of this Order upon petitioner at his address of record.

DATED: September 3, 2015

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

4